IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERNEST R. GIBSON, JR.,**
**# 281824,**

    **Plaintiff,**

vs.                                                  Case No. 4:20cv483-MW-MAF

**JOHN LEE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted yet another § 1983 civil rights complaint, ECF No. 1, to this Court on October 5, 2020, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. This is now the eighth case initiated by Plaintiff in this Court in the past year.

Over the past five months, Plaintiff submitted the following cases: (1) case # 1:20cv115-AW-GRJ, filed on May 15, 2020; (2) case # 4:20cv363-AW-MAF, filed on July 21, 2020; and (3) case # 4:20cv391-AW-MAF, filed on August 3, 2020. In each case, recommendations for a transfer to the Middle District of Florida were entered because Plaintiff is incarcerated at

Tomoka Correctional Institution which is located in Daytona Beach, Florida. Claims which involve Defendants at that institution should be filed in the Middle District of Florida as Daytona Beach is not within the jurisdiction of this Court.[1]

Most recently, Plaintiff submitted case number 4:20cv460-WS-MAF on September 21, 2020, case number 4:20cv464-TKW-MAF on September 23, 2020, and case number 4:20cv473-TKW-MAF. Recommendations have been entered to dismiss all three cases, noting that Plaintiff should be well aware that this Court is not the appropriate place to initiate his cases because two of his prior cases were transferred to the Middle District in November of 2019. *See* case # 4:19cv451-MW-HTC and case # 4:19cv469-MW-MAF. Indeed, in May of 2020, Plaintiff filed a response to a Report and Recommendation entered in one of those cases in which he stated his agreement that "the proper forum for" his case was in the Middle District of Florida. ECF No. 27 of case 4:19cv469.

By continuing to file cases in this Court, Plaintiff is abusing the judicial process. This practice must stop. In addition, Plaintiff is abusing the

---

[1] Notably, case 4:20cv254-WS-HTC was filed in this Court on May 11, 2020, but immediately closed as "having been opened in error." ECF No. 1.

judicial process by failing to honestly answer questions on the complaint form. In Section VIII, the Plaintiff is asked whether he has ever had a case dismissed based on the "three strikes rule." ECF No. 1 at 8. Plaintiff answered "no," and as explained in further detail below, that answer is incorrect. Moreover, Plaintiff failed to sign the complaint as required by Federal Rule of Civil Procedure 11.

Although this case should not continue in this Court, there is no reason to transfer this case to the Middle District. It should be dismissed instead.

First, Plaintiff's complaint does not allege any factual allegations which demonstrate that the Defendant violated Plaintiff's constitutional rights. Plaintiff complains only that he was told (by another person) not to "correspond with FDC any more." ECF No. 1 at 5. However, there are no allegations presented which show what the named Defendant did or did not do. Because the complaint fails to state a claim, it should be dismissed rather than transferred.

Second, transfer to the Middle District of Florida is not warranted because Plaintiff has now accumulated "three strikes" under 28 U.S.C. § 1915(g). Thus, he is not entitled to proceed with a civil action unless he

either pays the filing fee at the time of case initiation, or submits a complaint which demonstrates he is in imminent danger of serious physical injury.

Plaintiff initiated case 6:20cv01654-PGB-LRH in the Middle District of Florida, and it was dismissed for failure to state a claim on September 16, 2020. Plaintiff also initiated case 6:20cv1653-PGB-EJK in the Middle District. That case was also dismissed on September 14, 2020, for failure to state a claim. Finally, Plaintiff initiated case 6:20c01399-GKS-DCI in that court, and it was also dismissed for failure to state a claim on September 15, 2020. Those three dismissals count as "three strikes" pursuant to 28 U.S.C. § 1915(g).[2]

As noted above, Plaintiff has not provided any factual allegations which demonstrate either "imminent danger" or a constitutional violation. Because Plaintiff has had at least three cases dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim, Plaintiff

---

[2] That statute, commonly referenced as the "three strikes" provision, states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

is not entitled to proceed with this case without payment of the filing fee. Plaintiff's in forma pauperis motion, ECF No. 2, should be denied and this case dismissed without prejudice. If Plaintiff seeks to litigate a claim against this Defendant, Plaintiff must initiate a new case in the Middle District of Florida, and he must pay the full amount of the filing fee unless he can present allegations sufficient to meet the "imminent danger" exception. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, and this action be **DISMISSED without prejudice** because Plaintiff has not demonstrated that he meets the imminent danger exception of 28 U.S.C. § 1915(g). It is further **RECOMMENDED** that the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2020.

   S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**